BUCHALTER LLP
GABRIEL G. GREEN (SBN: 222445)
LUCAS A. DAVIDSON (SBN: 295894)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Tel.: 213.891.0700
Fax: 213.896.0400
Email: ggreen@buchalter.com
        ldavidson@buchalter.com

Attorneys for Defendant
HERO BRANDS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA JOINER, an individual, and on behalf of BKIP, LLC, a California limited liability company, and HITMARKER LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HERO BRANDS, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 8:26-cv-00117<br>Assigned to Hon. John D. Early<br><br>**DEFENDANT HERO BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>[Concurrently filed with Declarations of Lucas A. Davidson and [Proposed] Order]<br><br>Hearing Information<br><br>Date:     June 18, 2026<br>Time:     10:00 a.m.<br>Ctrm.:    6A, 6th Floor |

1

**TO THE HONORABLE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, June 18, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6A (6th Floor) of this Court, located at 411 West 4th Street, Santa Ana, CA 92701-4516, Defendant Hero Brands, Inc., a Delaware Corporation ("Hero Brands"), will and hereby does move for an order dismissing the Complaint ("Complaint") filed by Plaintiff Krista Joiner ("Plaintiff") under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and FRCP 12(b)(6). The Complaint should be dismissed under FRCP 12(b)(1) because Plaintiff does not have standing to pursue the claims she asserts and, therefore, there is no subject matter jurisdiction for this Court for this case. The Complaint should also be dismissed under FRCP 12(b)(6) because the allegations of the Complaint make clear that Plaintiff is unable to state a claim upon which relief may be granted since she does not have individual rights to the subject trademarks and further is not able to assert derivative rights on behalf of the limited liability companies in which she is not a member.

This Motion is made following a telephonic conference of counsel pursuant to L.R. 7-3, which took place on April 17, 2026. During the conference call, counsel for Hero Brands thoroughly discussed the anticipated Motion to Dismiss including the legal arguments to be asserted regarding lack of standing and ownership. Plaintiff's counsel indicated that she disagreed with Hero Brands' arguments and would not dismiss nor seek to amend the Complaint. Declaration of Lucas A. Davidson ("Davidson Decl."), ¶¶ 3. This Motion follows.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Lucas A. Davidson, any Reply memorandum, the pleadings and files in this action, and such other matters as may be presented at or before the hearing.

BUCHALTER LLP
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS
THE COMPLAINT**

Case No.:  8:26-cv-00117

DATED:  May 6, 2026                        BUCHALTER LLP


                                           By:  Lucas A. Davidson
                                                GABRIEL G. GREEN
                                                LUCAS A. DAVIDSON

                                                Attorneys for Defendant
                                                HERO BRANDS, INC.

**NOTICE OF MOTION AND MOTION TO DISMISS
THE COMPLAINT**                                    Case No.:  8:26-cv-00117

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................7

II.   FACTUAL BACKGROUND .......................................................................7

III.  LEGAL STANDARD................................................................................9

IV.   ARGUMENT.........................................................................................10

     A.    The Court Should Dismiss Plaintiff's Derivative Claims as She was not an Owner of BKIP or Hitmarker at the Time of Filing the Complaint. .................................................................................10

     B.    All of Plaintiff's Remaining Claims Fail Because Plaintiff has no Individual Ownership Rights in the Trademarks. .............................12

          1.    Plaintiff Fails to Establish Individual Ownership of the Trademarks. ....................................................................12

          2.    Plaintiff Fails State a Claim or Establish Standing for Trademark Infringement under Section 32(1) of the Lanham Act or for Infringement and Use of False Designation of Origin Under the Section 43(a)(1)(A) of the Lanham Act. ......13

          3.    Plaintiff Fails to State a Claim or Establish Standing for Conversion.....................................................................14

          4.    Plaintiff Fails to State a Claim or Establish Standing for Declaratory Relief................................................................15

          5.    Plaintiff Fails to State a Claim or Establish Standing for Rescission/Cancellation of the Trademark Assignments or Restitution. ..................................................................16

V.    CONCLUSION ......................................................................................17

BUCHALTER LLP
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

Case No.:  8:26-cv-00117

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937)...............................................................................15

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*,
744 F.3d 595 (9th Cir. 2014)...................................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................10, 14

*Brown v. Dep't of Water & Power*,
No. 2:24-cv-05152-SVW-JPR, 2024 U.S. Dist. LEXIS 242333
(C.D. Cal. Nov. 27, 2024) ......................................................................13

*Halicki Films, LLC v. Sanderson Sales & Mktg.*,
547 F.3d 1213 (9th Cir. 2008)................................................................14

*Horne v. Flores*,
557 U.S. 433 (2009)................................................................................10

*Kenney v. Wells Fargo Bank, N.A.*,
791 F. Supp. 3d 1163 (C.D. Cal. 2025).................................................12

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)................................................................................15

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984)..................................................................10

*Shulman v. Kaplan*,
58 F.4th 404 (9th Cir. 2023)........................................................10, 13, 15

*Sinclair v. Fox Hollow of Turlock Owners Ass'n*,
No. 1:03-cv-05439-OWW, 2011 WL 2433289 (E.D. Cal. June 13,
2011) .......................................................................................................13

BUCHALTER LLP
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS
THE COMPLAINT**

Case No.:  8:26-cv-00117

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021)................................................................................10, 15

**State Cases**

*Baldwin* v. *Marina City Properties, Inc.*,
   79 Cal. App. 3d 393 (1978)..............................................................................14

*Camden Sys., LLC v. 409 N. Camden, LLC*,
   103 Cal. App. 5th 1068 (2024)..........................................................................11

*Hartford Fin. Corp. v. Burns*,
   96 Cal. App. 3d 591 (1979)...............................................................................14

**Federal Statutes**

15 U.S.C. § 1114(1)....................................................................................................14

15 U.S.C. § 1119....................................................................................................16, 17

15 U.S.C. § 1125(a) ....................................................................................................14

Fed. R. Civ. P. 12(b)(1)..........................................................................................7, 9

Fed. R. Civ. P. 12(b)(6)........................................................................................7, 10

Lanham Act § 32(1)...............................................................................................9, 13

Lanham Act § 43(a)(1)(A) ....................................................................................9, 13

**State Statutes**

Cal. Corp. Code § 800..............................................................................................11

Cal. Corp. Code § 17701.01...................................................................................11

Cal. Corp. Code § 17709.02, subd. (a)(1)............................................................11

BUCHALTER LLP
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS
THE COMPLAINT**                                        Case No.:  8:26-cv-00117

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Hero Brands, Inc., a Delaware corporation ("Hero Brands"), respectfully submits this Memorandum of Points and Authorities in support of this Motion to Dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and FRCP 12(b)(6).

## I.   INTRODUCTION

Plaintiff Krista Joiner ("Plaintiff" or "Joiner"), purports to bring this action on behalf of herself individually and derivatively on behalf of BKIP, LLC ("BKIP") and Hitmarker, LLC ("Hitmarker"), which are two California limited liability companies. Plaintiff's claims, however, are defective because the Complaint acknowledges that Plaintiff does not own (and never had owned) the subject trademarks and, further, Plaintiff is not a member of the two California limited liability companies on whose behalf she is attempting to assert claims. Given those facts, Plaintiff does not have standing to pursue the asserted claims. Plaintiff's reliance on a purported community property interest she claims by way of her marriage to Alvin Joiner, who is not a party to this lawsuit, does not save, cure nor convey standing to save her deficiently pled Complaint. Because Plaintiff cannot cure her lack of standing, Hero Brands respectfully submits that the Court should dismiss Plaintiff's claims with prejudice.

## II.   FACTUAL BACKGROUND

On January 15, 2026 Plaintiff filed a Complaint against a single Defendant – Hero Brands. (Dkt. 1 ("Compl.")). In that Complaint, Plaintiff asserts claims in her individual capacity and purports to bring derivative claims on behalf of BKIP and Hitmarker. Compl., ¶ 58. The Complaint appears to be more geared toward airing out dirty laundry against Plaintiff's ex-husband, Mr. Joiner, as part of their divorce rather than raising any substantive issues. *Id.*, ¶¶ 58-59. The Complaint spends nearly a page disparaging Mr. Joiner (who is not a party to this action) by including alleged, irrelevant facts concerning Mr. Joiner such as allegations that: he is not spending time

7

with his teenage son, he is involved in an adulterous affair, accusing him of physical violence, stating his lifestyle includes drinking vodka at music events, and even making reference to "unresolved trauma" concerning Mr. Joiner. *Id.* Further, Plaintiff spends even more time on irrelevant information such as discussing private details and alleged criminal history as well as divorce proceedings regarding individuals who are not parties to the Complaint and matters that are entirely unrelated to the current action. *See Id.*, ¶¶ 44-45 and 51.

Plaintiff alleges that she holds an ownership interest in certain trademarks relating to the Brass Knuckles that were filed by Winslow & Shoomaker d/b/a Brass Knuckles ("Winslow & Shoomaker") including: Registration Number 5,476,357 ("357 Brass"), Registration Number 5,476,356 ("356 Brass"), and Registration Number 5,541,624 ("624 Brass") (collectively referred to as the "Trademarks"). *Id.*, ¶¶ 12-14.

Plaintiff arrives at this legal conclusion of ownership of the Trademarks by stating that she has a community property interest (by way of her marriage to Mr. Joiner) in Hitmarker, an entity which the Complaint states "…was registered with the California Secretary of State as a foreign limited liability company, **with the sole owner listed as ALVIN JOINER**…" *Id.*, ¶ 18 (emphasis added). The Complaint alleges that Winslow & Shoomaker is owned by Red Sushi, LLC, AIDIW LLC, and Hitmarker with each entity holding a 1/3 interest of Winslow and Shoomaker. *Id.*, ¶ 11. Further, Plaintiff alleges that BKIP, LLC ("BKIP") was formed on January 10, 2018 and that its three members are also Red Sushi, LLC, AIDIW, LLC and Hitmarker. *Id.*, ¶¶ 15-16. Based on these allegations, Plaintiff claims a 1/6 interest in BKIP and Winslow & Shoomaker through Hitmarker's 1/3 ownership of BKIP. *Id.*, ¶ 19. However, <u>Plaintiff freely admits that Winslow and Shoomaker filed the Trademarks and further admits that the Trademarks were "BKIP's marks"</u> thereby acknowledging that the marks were owned by BKIP. *Id.*, ¶¶ 12-14 and 54.

8

In reading Plaintiff's "fact" section as a whole, which consists of over fifteen pages, it appears that the crux of the entire Complaint is that Alvin Joiner allegedly signed a document assigning the Trademarks in his role as an owner of BKIP during the divorce proceeding with Plaintiff. *Id.*, ¶¶ 31-33. However, Alvin Joiner, who Plaintiff claims caused her a legal injury, is not a party to this matter and the court order referenced by Plaintiff was allegedly issued by the Los Angeles Superior Court in a case that is still ongoing concerning the Joiners' marital dissolution action. *Id.*

Plaintiff alleges that BKIP assigned the Trademarks to Hero Brands in 2022. *Id.*, ¶¶ 33-35. Plaintiff further alleges that BKIP along with Winslow & Shoomaker and other entities entered into an asset purchase agreement wherein the entities sold the intellectual property rights along with the Trademarks in exchange for payment. *Id.*, ¶ 37.

Erroneously assuming that she can assert derivative claims on behalf of BKIP and Hitmarker and/or that she may claim ownership rights in the Trademarks owned by BKIP, Plaintiff has brought the following claims, all of which can survive only if her legal conclusion regarding ownership is proper: (1) trademark infringement under Section 32(1) of the Lanham Act; (2) infringement and use of false designation of origin under Section 43(a)(1)(A) of the Lanham Act; (3) conversion; (4) declaratory relief; (5) rescission/cancellation of the trademark assignments and correction of register; and (6) restitution based on recission.

Plaintiff fails to state a claim upon which relief can be granted as she does not have authority to bring derivative claims on behalf of BKIP or Hitmarker and she does not have an ownership interest in the Trademarks. Accordingly, Plaintiff lacks standing and each of her claims must be dismissed with prejudice.

## III.   LEGAL STANDARD

**Under Rule 12(b)(1)**, "[t]he question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the

9

merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). The party must demonstrate "…(1) that they "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (2) "that the injury was likely caused by the defendants;" and (3) "that the injury would likely be redressed by judicial relief." *Id.*, at 408 (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021)).

**Under Rule 12(b)(6)**, "[a] complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) [internal citations omitted]. While factual allegations are generally assumed to be true, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*).

## IV.   ARGUMENT

### A.   The Court Should Dismiss Plaintiff's Derivative Claims as She was not an Owner of BKIP or Hitmarker at the Time of Filing the Complaint.

In the caption of her Complaint, Plaintiff indicates that she is attempting to assert claims as an individual "…and on behalf of BKIP, LLC, a California limited liability company, and HITMARKER LLC, a California limited liability

company…" *See* Compl. The Complaint goes on to state that Plaintiff brings the action on behalf of those limited liability companies pursuant to Section 800 of the California Corporations Code. *Id.*, ¶ 58. Plaintiff admits that Hitmarker was registered with the sole owner listed as Alvin Joiner and she only claims an interest relating to community property. *Id.*, ¶ 18. Plaintiff further admits that her only claim in BKIP is through Alvin Joiner's ownership of Hitmarker. *Id.*, ¶ 19.

First, Plaintiff's claims brought under Section 800 of the California Corporations Code fail as a matter of law because neither Hitmarker nor BKIP is a corporation. Both of those entities are limited liability companies that are governed by a separate section of California Corporations Code – specifically, Sections 17701.01 et seq. Accordingly, Section 800 of the California Corporations Code, which concerns "Shareholder Derivative Actions" has no applicability to the case at hand and certainly does not provide Plaintiff with any right of action. Thus, Plaintiff's attempt to bring the derivative actions on behalf of BKIP and Hitmarker under Section 800 is not proper.

Further, Plaintiff is not able to maintain a derivative claim on behalf of the limited liability companies because she is not a member of either of the limited liability companies on whose behalf she seeks to bring suit. "A member of a limited liability company may bring a derivative lawsuit on the company's behalf only if "'the plaintiff was a member, of record or beneficially, at the time of the transaction or any part of the transaction of which the plaintiff complains . …'" *Camden Sys., LLC v. 409 N. Camden, LLC*, 103 Cal. App. 5th 1068, 1082 (2024) (citing Cal. Corp. Code § 17709.02, subd. (a)(1). Nowhere, in the 24-page Complaint has Plaintiff stated that she was ever a member of Hitmarker. Plaintiff has only alleged she has a community property interest due to her husband being the sole owner and member. Compl., ¶¶ 18-19. Plaintiff's only claim to BKIP is Hitmarker's alleged 1/3 ownership. *Id.*, ¶ 19. But neither of those allegations are sufficient to confer her

11

standing to pursue claims on behalf of the two limited liability companies in which she holds no direct ownership interest. Plaintiff's derivative claims on behalf of BKIP and Hitmarker must be dismissed with prejudice.

### B. All of Plaintiff's Remaining Claims Fail Because Plaintiff has no Individual Ownership Rights in the Trademarks.

The Complaint fails to provide any well-pleaded facts alleging ownership of the Trademarks, which is a prerequisite to establish standing for any of Plaintiff's claims.

### 1. Plaintiff Fails to Establish Individual Ownership of the Trademarks.

Plaintiff admits in her Complaint that Winslow & Shoomaker filed the trademark registrations for the Trademarks at issue in this matter. Compl., ¶¶ 12-14. Plaintiff further admits that the three members of Winslow & Shoomaker were Red Sushi, LLC, AIDIW LLC, and Hitmarker. *Id.*, ¶ 11. Plaintiff also admits that BKIP owned the Trademarks. *Id.*, ¶ 54. Plaintiff further admits that BKIP was owned by Red Sushi, LLC, AIDIW, LLC and Hitmarker. *Id.*, ¶ 15-16.

The California Central District in *Kenney v. Wells Fargo Bank, N.A.*, provides a good explanation that highlights the deficiencies with Plaintiff's currently pled claims:

> As the court explained in *Brown v. Dep't of Water & Power*, a sole member "certainly has a financial interest in the success of [an LLC] and is undoubtedly affected when the LLC suffers a financial injury," but that injury "is derivative of [the LLC's] injury, and thus [the member] was not injured directly and independently." 2024 WL 5466666, at *4 (C.D. Cal. Nov. 27, 2024). Accordingly, where "**the gravamen of the complaint is injury to an LLC's property, the right of action lies with the LLC, not the individual members.**" *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439-OWW, 2011 WL 2433289, at *4 (E.D. Cal. June 13, 2011).

12

791 F. Supp. 3d 1163, 1167 (C.D. Cal. 2025) (emphasis added). The reasoning for this is that "**[m]embers of an LLC do not have an ownership interest in property to which the LLC holds title.**" *Brown v. Dep't of Water & Power*, No. 2:24-cv-05152-SVW-JPR, 2024 U.S. Dist. LEXIS 242333, at *8 (C.D. Cal. Nov. 27, 2024) (citing *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439-OWW, 2011 U.S. Dist. LEXIS 63250, 2011 WL 2433289, at *3, *4 (E.D. Cal. June 13, 2011)) (emphasis added).

Plaintiff's claims are even farther removed from the situations addressed in the cases cited above, which stand for the proposition that a <u>member</u> of a limited liability company does not have standing to bring individual claims over property that is owned by the limited liability company. In the instant case, Plaintiff admits that BKIP owned the Trademarks at issue. Compl., ¶ 54. As such, only BKIP would have standing to bring an action involving those Trademarks.

Because Plaintiff does not meet the threshold for standing that is a prerequisite to evaluating the merits of her claims, *Shulman*, 58 F.4th at 407, her claims should be dismissed.

**2. Plaintiff Fails State a Claim or Establish Standing for Trademark Infringement under Section 32(1) of the Lanham Act or for Infringement and Use of False Designation of Origin Under the Section 43(a)(1)(A) of the Lanham Act.**

Count (I) and (II) in Plaintiff's Complaint, bring claims for trademark infringement under the Lanham Act. As previously explained, Plaintiff owns no rights in the Trademarks as such Trademarks were owned by BKIP. The Ninth Circuit has established the elements for standing for trademark infringement under the Lanham Act as follows:

To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or

13

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

Case No.: 8:26-cv-00117

(3) a nonowner with a cognizable interest in the allegedly infringed trademark.

*Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225-26 (9th Cir. 2008) (citing 15 U.S.C. §§ 1114(1), 1125(a)).

As previously established, Plaintiff is not the owner of the Trademarks. Furthermore, the Complaint stated the Trademarks were registered marks and as such, the second element would not apply. Compl., ¶¶ 12-14. Lastly, Plaintiff has no interest in the Trademarks as she did not have a license or any other type of cognizable interest in the marks owned by BKIP. Plaintiff's claimed community property interest in Alvin Joiner's sole membership of Hitmarker is insufficient to confer standing on Plaintiff to pursue the asserted claims for trademark infringement under the Lanham Act. Therefore, Counts I and II of Plaintiff's Complaint should be dismissed without leave to amend.

### 3.   Plaintiff Fails to State a Claim or Establish Standing for Conversion.

Plaintiff's third count for conversion likewise fails due to lack of ownership. To maintain a claim for conversion, Plaintiff must show "…(1) plaintiffs' ownership or *right to possession of the property* at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages." *Hartford Fin. Corp. v. Burns*, 96 Cal. App. 3d 591, 598 (1979)) (citing *Baldwin v. Marina City Properties, Inc.*, 79 Cal. App. 3d 393, 410 (1978)) [italics in original].

Here, Plaintiff's claim fails as she cannot establish that she owned the Trademarks or she had a right to possess the Trademarks. Her claims of beneficial ownership are unsupported and Court need not accept such legal conclusions plead as factual allegations. *See Bell Atlantic Corp.*, 550 U.S. at 555-57.

/ / /

14

**4.        Plaintiff Fails to State a Claim or Establish Standing for Declaratory Relief.**

In Count IV, Plaintiff makes a claim for declaratory relief based on the alleged assignment of the Trademarks and seeks declarations stating that the assignment is void and that the Asset Purchase Agreement is void. *See* Compl. ¶¶ 79-84. Concerning the Declaratory Judgment Act, the U.S. Supreme Court has explained "…that the phrase "case of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). Under Article III Plaintiff must demonstrate "…(1) that they "suffered an injury in fact that is concrete, particularized, and actual or imminent;" (2) "that the injury was likely caused by the defendants;" and (3) "that the injury would likely be redressed by judicial relief." *Shulman*, 58 F.4th at 408 (citing *TransUnion LLC*, 141 S. Ct. at 2203).

Here, Plaintiff cannot meet this requirement as she has suffered no injury because the Trademarks and property on which she bases the declaratory judgment action belonged to BKIP by her own admission. Compl., ¶ 54. Moreover, even assuming *arguendo* that Plaintiff could show an injury personal to her, Plaintiff cannot show that the injury was caused by Hero Brands. Plaintiff's Complaint is primarily directed at her ex-husband, Alvin Joiner. The basis for the entire action is that she and Alvin Joiner were in the midst of a divorce action and "… in direct violation of the ATRO, ALVIN JOINER signed a Trademark Assignment..." Compl., ¶ 33.

Alvin Joiner is not a party to this lawsuit and as stated in the Complaint, Plaintiff is actively participating in a separate action with Alvin Joiner concerning their martial dissolution and most importantly, their ongoing property distribution issues. *Id.*, ¶ 32. While Plaintiff may have claims against her ex-husband, this is not

BUCHALTER LLP
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS
THE COMPLAINT**

Case No.:  8:26-cv-00117

the proper forum for her to litigate alleged injuries caused by her ex-husband. Plaintiff does not meet the Article III standing requirement to seek a declaratory judgment action.

### 5. Plaintiff Fails to State a Claim or Establish Standing for Rescission/Cancellation of the Trademark Assignments or Restitution.

Plaintiff's claim in Count (V) seeks rescission and/or cancellation of the alleged trademark assignment under 15 U.S.C. § 1119. Plaintiff's claim in Count (VI) is completely derivative to Count (V) as it seeks restitution based on the rescission sought in Count (V).

As explained *infra*, Plaintiff lacks standing to pursue the trademark claims because she does not own the Trademarks. The Ninth Circuit has clearly held that claims under 15 U.S.C. § 1119, are not independent claims:

> The plain language of Section 37 states that cancellation is available in "any action involving a registered mark." 15 U.S.C. § 1119. This language specifies that cancellation may only be sought if there is already an ongoing action that involves a registered mark; it does not indicate that a cancellation claim is available as an independent cause of action. Furthermore, each circuit to directly address this statutory language has held that it "creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction." *Nike,* 663 F.3d at 98; *see also Ditri v. Coldwell Banker Residential Affiliates, Inc.,* 954 F.2d 869, 873 (3d Cir.1992); *Windsurfing Int'l Inc. v. AMF Inc.,* 828 F.2d 755, 758 (Fed.Cir.1987). This interpretation also helps preserve the use of actions before the USPTO Trademark Board as the primary vehicle for cancellation. *See McCarthy on Trademarks and Unfair Competition* § 30:110 (4th ed.).
>
> **We therefore hold that Section 37 of the Lanham Act does not provide an independent basis for federal jurisdiction**.

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599 (9th Cir. 2014) (emphasis added). Because all of Plaintiff's trademark infringement

claims fail for lack of standing, Plaintiff's claims under 15 U.S.C. § 1119 fail also along with restitution claim that entirely depends on success under 15 U.S.C. § 1119.

## V.   CONCLUSION

Based on the foregoing, Hero Brands respectfully requests that the Court dismiss the Complaint with prejudice.

DATED:  May 6, 2026                    BUCHALTER LLP


                                       By: /s/ Lucas A. Davidson
                                          GABRIEL G. GREEN
                                          LUCAS A. DAVIDSON

                                          Attorneys for Defendant
                                          HERO BRANDS, INC.


The undersigned, counsel for Hero Brands, Inc., certifies that this brief contains 3,228 words, which complies with the word limit of L.R. 11-6.1


                                       By:   /s/ Lucas A. Davidson

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**                    Case No.: 8:26-cv-00117